UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BRANDEN MICHAEL WIREMAN,

                Plaintiff,

v.

JAMIE CORRIGAN et al.,

                Defendants.

_____/

Case No. 2:25-cv-224

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a

party officially, and is required to take action in that capacity, only upon service of a summons or

other authority-asserting measure stating the time within which the party served must appear and

defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the

summons continues to function as the *sine qua non* directing an individual or entity to participate

in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by

requiring courts to review and even resolve a plaintiff's claims before service, creates a

circumstance where there may only be one party to the proceeding—the plaintiff—at the district

court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir.

2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it

without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the

plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all

proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent

of the parties, a full-time United States magistrate judge . . . may conduct any or all

proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the

named Defendants have not yet been served, the undersigned concludes that they are not presently

parties whose consent is required to permit the undersigned to conduct a preliminary review under

the PLRA, in the same way they are not parties who will be served with or given notice of this

opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties

to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal

law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2),

1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying

these standards, the Court will dismiss Plaintiff's complaint against Defendant Albon for failure

to state a claim. The Court will also dismiss, for failure to state a claim, the following claims

against remaining Defendants Corrigan, Savoie, Cole, Batho, Conklin, and Russo: claims for

injunctive relief, official capacity claims, and claims related to Plaintiff's use of the grievance

process. Plaintiff's Eighth Amendment claims against Defendants Corrigan, Savoie, Cole, Batho,

Conklin, and Russo remain in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017)
(concluding that, when determining which parties are required to consent to proceed before a
United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the
United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a
screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c));
*Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for
the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207
n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning
in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

events about which he complains occurred at that facility and the Parnall Correctional Facility

(SMT) in Jackson, Jackson County, Michigan. Plaintiff sues the following URF staff: Warden

Jamie Corrigan, Food Service Director D. Savoie, Assistant Food Service Director T. Albon,

Correctional Officer Unknown Cole, Deputy Warden R. Batho, and Deputy Unknown Russo.

Plaintiff also sues SMT Lieutenant Unknown Conklin. Defendants are sued in their official

capacities. (Compl., ECF No. 1, PageID.2–3.)

Plaintiff alleges that Defendant Conklin, a lieutenant at SMT, is sending Cash App

payments to Defendants Cole and Russo and other non-parties to ensure that Plaintiff does not

receive full servings of food during meals at URF. (*Id.*, PageID.4–6.) Defendant "Cole is involving

other C/Os and [food service] staff and making sure to pay them too," and Defendants Cole and

Russo are instructing prisoners working the food service lines to provide Plaintiff with partial

servings of food. (*Id.*, PageID.4–5.) In exchange for serving Plaintiff less food, prisoners working

the food service line are being provided "bags of dope." (*Id.*, PageID.5.) On various dates in

August and September 2025, Plaintiff was fed reduced servings of food, causing Plaintiff to lose

20 pounds in almost two weeks. (*Id.*, PageID.4–5.)

On August 15, 2025, Plaintiff sent a kite to Defendant Corrigan informing Defendant

Corrigan of the issue with food service. (*Id.*, PageID.4.) The issue persisted, and on August 17,

2025, Plaintiff sent kites to Defendants Batho and Savoie. (*Id.*) When Plaintiff continued to be

provided with reduced food, he sent additional kites, including to Defendants Corrigan and Batho

on September 3, 2025. (*Id.*, PageID.5.) Plaintiff further alleges that Defendant Albon "did nothing

to correct this problem." (*Id.*, PageID.4.)

Finally, Plaintiff alleges that "[t]he grievance procedure is not working at this . . . facility

(URF) either . . . ." (*Id.*, PageID.6.)

As relief for the events described in Plaintiff's complaint, Plaintiff asks that Defendants "be apprehended and dealt with according to the law" and seeks monetary damages. (*Id.*, PageID.7.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims for Injunctive Relief

Plaintiff asks that the Court order that Defendants "be apprehended and dealt with according to the law." (Compl., ECF No. 1, PageID.7.) To the extent that Plaintiff seeks that Defendants be criminally prosecuted, his claim for such injunctive relief will be dismissed for failure to state a claim.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Saro v. Brown*, 11 F. App'x 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Simply put, Plaintiff cannot force either state or federal authorities to prosecute Defendants because private citizens, regardless of whether they are incarcerated, have no right to compel the state or federal government to prosecute another person criminally. *Linda R.S.*, 410 U.S. at 619. Thus, the Court will dismiss Plaintiff's request for injunctive relief for failure to state a claim upon which relief may be granted.

### B.    Official Capacity Claims for Monetary Relief

Plaintiff sues Defendants in their official capacities. (Compl., ECF No. 1, PageID.2–3.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has

6

waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Plaintiff seeks monetary damages. (Compl., ECF No. 1, PageID.7.) However, as noted above, the MDOC is not a "person" who may be sued under Section 1983 for money damages. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, the Court will dismiss Plaintiff's official capacity claims for money damages.

### C.    Individual Capacity Claims for Monetary Relief

Although Plaintiff states that he is suing Defendants in their official capacities only (Compl., ECF No. 1, PageID.2–3), he also seeks monetary relief, which is available only in a suit against Defendants in their individual capacities. Accordingly, the Court will liberally construe Plaintiff's complaint as raising individual capacity claims, as well.

#### 1.    Eighth Amendment Claims

Plaintiff alleges that, during August and September 2025, Defendants denied Plaintiff sufficient food, causing him to lose 20 pounds over the course of nearly two weeks. He alleges that Defendant Conklin paid Defendants Cole and Russo to ensure that the prisoners working in

food service would provide Plaintiff with only partial servings of food and that he sent kites to

Defendants Corrigan, Savoie, and Batho concerning these issues, but they refused to address the

problem. Finally, Plaintiff alleges that Defendant Albon failed to correct the issue. The Court will

construe Plaintiff's allegations as raising Eighth Amendment claims for unconstitutional

conditions of confinement.

The Eighth Amendment imposes a constitutional limitation on the power of the states to

punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The

Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and

wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal

civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148

F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations

of essential food, medical care, or sanitation" or "other conditions intolerable for prison

confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment

within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is

'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v.

McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme

deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a

sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate

indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010)

(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

It is well-settled that the Eighth Amendment requires that prisoners be given sufficient food to "maintain normal health." *Cunningham v. Jones,* 567 F.2d 653, 660 (6th Cir. 1977). At this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Although Plaintiff has by no means proven his claims, the Court will allow Plaintiff to proceed with his Eighth Amendment claims against Defendants Corrigan, Savoie, Cole, Batho, Conklin, and Russo.

However, Plaintiff has not provided the Court with any facts that would plausibly suggest that Defendant Albon was involved in the provision of food to Plaintiff or even personally aware that Plaintiff was not being provided with sufficient food by prisoners in the food service lines. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claim against Defendant Albon.

To the extent that Plaintiff seeks to hold Defendant Albon liable based upon a supervisory role, he may not do so. Government officials, such as Defendant Albon, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976),

and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Leach v. Shelby Cnty. Sheriff*, 891

F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff has not alleged facts that would demonstrate that Defendant Albon knowingly

authorized or acquiesced in the decision to deny Plaintiff full portions of food. Therefore, the

alleged failure to act, without more, does not give rise to liability under Section 1983. *See Grinter*,

532 F.3d at 576; *Shehee*, 199 F.3d at 300. Accordingly, the Court will dismiss Plaintiff's claims

against Defendant Albon.

### 2.    Claims Related to Plaintiff's Use of the Grievance Process

Plaintiff alleges that the grievance process is not available at URF. To the extent that

Plaintiff seeks to bring an independent Section 1983 claim against Defendants related to his use of

the grievance process, his claims will be dismissed.

First, Plaintiff has no due process right to file a prison grievance. The courts repeatedly

have held that there exists no constitutionally protected due process right to an effective prison

grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of*

*Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir.

2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*,

81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting

cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v.*

*Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001);

*Wynn v. Wolf*, 19 F.3d 1435 (6th Cir. 1994).

Second, any actions (or inactions) of Defendants with regard to the grievance process could

not constitute a violation of the First Amendment right to petition the government. The First

Amendment "right to petition the government does not guarantee a response to the petition or the

right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183

11

F.3d 477, 479 (6th Cir. 1999); *see also Minnesota State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Third, Plaintiff has not been barred from all means of petitioning the government for redress of grievances. Even if Plaintiff had been improperly prevented from filing a grievance, his right to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff has been improperly denied access to the grievance process, the process would be deemed unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

Accordingly, Plaintiff cannot state a claim concerning his use of the grievance process upon which relief may be granted.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that Defendant Albon will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Corrigan, Savoie, Cole, Batho, Conklin, and Russo: claims for injunctive relief, official capacity claims, and claims related to Plaintiff's use of the grievance process. Plaintiff's

Eighth Amendment claims against Defendants Corrigan, Savoie, Cole, Batho, Conklin, and Russo remain in the case.

An order consistent with this opinion will be entered.


Dated:   September 30, 2025                              /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         United States Magistrate Judge